IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| | : Case No. 2:21-cr-98 |
| v. | : |
| | : Chief Judge Algenon L. Marbley |
| SETH NYAMEKYE, | : |
| Defendant. | : |

## OPINION & ORDER

This matter is before this Court on Defendant's Motion to Retroactively Apply USSG § 4C1.1. (ECF No. 113). For the reasons stated below, Defendant's Motion (ECF No. 113) is **GRANTED**.

## I. BACKGROUND

On May 31, 2022, Defendant Seth Nyamekye was convicted by a jury of 1 count of conspiring to commit money laundering, 17 counts of concealment money laundering, and 17 counts of money laundering in connection with a broader scheme to launder funds generated from online romance fraud and to send the monies to Ghana. (ECF No. 87). At Defendant's sentencing hearing on October 13, 2022, this Court found under the advisory guidelines his total base offense level to be 26 and his criminal history category to be 1, generating a sentencing range of 63-78 months. (ECF No. 104). This Court then sentenced Defendant to a 60-month term of incarceration, with a pending release date of April 3, 2026. (ECF No. 103).

On August 5, 2022, the U.S. Sentencing Commission amended the Sentencing Guidelines Manual for the first time since November 1, 2018 and later promulgated several amendments that were made part of the Guidelines Manual on November 1, 2023. One such amendment was

the addition of § 4C1.1, which authorizes a two-level reduction in the offense level of "Zero Point Offenders" (defendants who had zero criminal history points) who also meet the following listed criteria:

> (a) Adjustment.—If the defendant meets all of the following criteria:
> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848

U.S. Sentencing Comm'n, *Adopted Amendments* at 45-46 (April 27, 2023), https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023.

The U.S. Sentencing Commission voted to apply § 4C1.1 retroactively to defendants sentenced before November 1, 2023. (*Id.*). On August 24, 2023, the U.S. Sentencing Commission promulgated Guideline Amendment 821, which explicitly made the new § 4C1.1 retroactive and instructed courts that a sentence reduction cannot be ordered unless its effective date is on or after February 1, 2024. U.S. Sentencing Comm'n, *Retroactivity Amendment* at 3-4 (August 31, 2023), https://www.ussc.gov/guidelines/amendments/retroactivity-amendment-effective-november-1-2023. To allow litigants to apply for reductions before February 1, the

U.S. Sentencing Commission added a comment informing courts that Guideline Amendment 821 does not "preclude the court from conducting sentence reduction proceedings and entering orders under 18 U.S.C. 3582(c)(2) and this policy statement before February 1, 2024, provided that any order reducing the defendant's term of imprisonment has an effective date of February 1, 2024, or later." *Id.* at 10.

Defendant now seeks to reduce his sentence based on the newly adopted § 4C1.1 of the U.S. Sentencing Guidelines ("U.S.S.G."). The Government has responded properly (ECF No. 116) and Defendant has replied (ECF No. 117). The matter is now ripe for review.

## II. STANDARD OF REVIEW

District courts generally have "no inherent authority … to modify an otherwise valid sentence." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). A narrow exception exists for when the modification is permitted by statute. *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (finding that a "district court may modify a defendant's sentence only as provided by statute."). 18 U.S.C. § 3582(c)(2) further provides that

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission … the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

An analysis under § 3582(c)(2) requires a "two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). First, a court must "determine that a reduction is consistent with § 1B1.10" of the U.S.S.G. *Id.* To be consistent, an amendment made retroactive in the policy statement, like § 4C1.1 here, must apply to the defendant or "have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). To determine the appropriate reduction, a

3

court must "determine the amended guideline range that would have been applicable to the defendant if the amendment … had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1). The court must "leave all other guideline application decisions unaffected." *Id.* With limited exceptions, "the court shall not reduce the defendant's term of imprisonment … to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). The reduced term also cannot be less than the term of imprisonment the defendant has already served. U.S.S.G. § 1B1.10(b)(2)(C).

Second, a Court must consider the applicable § 3553(a) factors to determine whether the reduction is appropriate "in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. The basic mandate of § 3553(a) requires a district court to impose a sentence that is "sufficient, but not greater than necessary" to comply with the four purposes of sentencing set forth in § 3553: retribution ("to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"), deterrence ("to afford adequate deterrence to criminal conduct"), incapacitation ("to protect the public from further crimes of the defendant"), and rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"). 18 U.S.C. § 3553(a)(2). These four principles can be traced back to historical theories of punishment and serve as the guiding values and goals in sentencing.

Factors courts should consider under § 3553(a) include the nature and circumstances of the offense; the history and characteristics of the defendant; whether adequate deterrence was afforded; protection of the public from further crimes of the defendant; providing the defendant with training and/or treatment; the sentencing range established by the guidelines; pertinent policy statements issued by the Sentencing Commission; the need to avoid sentence disparities;

and the need to provide restitution to victims. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

### III. LAW & ANALYSIS

At issue in this case is whether Defendant, by virtue of his lack of criminal history, is eligible to have his sentence reduced. The decision of this Court "whether and to what extent to grant an authorized sentence reduction is discretionary." *United States v. Monday*, 390 F. App'x 550, 554 (6th Cir. 2010). As a threshold matter, a sentence reduction in this case is consistent with U.S.S.G. § 1B1.10 because § 4C1.1, as a retroactive amendment, applies to Defendant and has "the effect of lowering the defendant's applicable guideline range," discussed *infra*. U.S.S.G. § 1B1.10(a)(2). Further, based on the newly adopted § 4C1.1, Defendant plainly is eligible to be considered for sentence reduction under the amended guideline range because he is a Zero Point Offender.

The Sentencing Reform Act of 1984 expressly states that the applicable guidelines in a given case are those in effect at the time of the defendant's sentencing. 18 U.S.C. § 3553(a)(4)(A)(ii). Thus, a sentencing court will apply the guidelines in force at sentencing unless they raise *ex post facto* problems. *United States v. Lanham*, 617 F.3d 873, 889 (6th Cir. 2010). The *ex post facto* clause of the Constitution, Art. 1 § 9, cl. 3, "forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred." *Weaver v. Graham*, 450 U.S. 24 (1981). The clause does not prohibit the use of amended guidelines that lighten the applicable penalties, as § 4C1.1 does here.

Defendant here is a "Zero Point Offender" as defined by § 4C1.1, meaning that at the time of his sentencing, he had zero criminal history points and is thus eligible for a reduced sentence. The Government agrees that he meets said criteria and is eligible for consideration at this time. (ECF No. 116 at 2). Defendant's position is exactly as stated above. He asserts that

"[b]ased on the criteria found in § 4C1.1, [Defendant] is a "Zero Point Offender" and a two-level reduction to [his] total offense level would reduce it to 24." (ECF No. 113 at 4). Instead of rebutting Defendant on this point, the Government instead argues that Defendant's request should be denied under the relevant § 3553(a) factors. (ECF No. 116 at 2).

A court does not need to "specifically articulat[e]" every single § 3553(a) factor in its analysis; rather, the record "as a whole" must indicate that the pertinent factors were taken into account by the court. *United States v. Jones*, 980 F.3d 1098, 1114 (6th Cir. 2020). Those factors include the nature and circumstances of Defendant's crime, the history and characteristics of Defendant, whether adequate deterrence was afforded, and the sentencing range established by the guidelines. *See* U.S.S.G. § 5D1.2(b). Defendant does not raise the § 3553(a) factors directly in his initial Motion, only making passing references to them. (ECF No. 113). Indeed, even in his Response he adheres firmly to the argument that § 4C1.1 controls. (ECF No. 117). Nevertheless, this Court considers the § 3553(a) factors and concludes that sentence reduction is appropriate in this case.

Turning first to the nature and circumstances of the offenses, Defendant argues that he has accepted responsibility by accepting the jury's verdict and declining to challenge his sentence on appeal. (ECF No. 113 at 3). The Government asserts that Defendant intentionally sought out a role in the fraud scheme and has yet to accept responsibility for his crime. (*Id.*). *Contra* Defendant's argument, the Sixth Circuit has held that when a defendant exercises his right to trial, it is "rare" that he can then demonstrate an acceptance of responsibility clearly. *United States v. Khalil*, 279 F.3d 358, 371 (6th Cir. 2002). Here, Defendant went to trial, was convicted on all counts, and did not receive a three-level reduction under U.S.S.G. § 3E1.1 (which provides for a reduction in the offense level if a defendant clearly accepts responsibility

for the offense). (ECF No. 113 at 3). It is difficult to find that Defendant has accepted responsibility in this case, and this factor weighs against sentence reduction.

The analysis next turns to Defendant's history and characteristics. Defendant himself points out that while in custody at FCI Morgantown, he has not posed any problem to the BOP. (ECF No. 117 at 3). Since being taken into custody, Defendant has participated in programs earning both First Step Act "earned credits" on top of the "good time credit" available in 18 U.S.C. § 3624(b). (ECF No. 117 at 3). The Government argues that he immigrated to the United States in 2002 and argues that he "had every opportunity to build an honest life." (ECF No. 116 at 3). It is critical to recall, however, that Defendant is only eligible for consideration under § 4C1.1 because he has no criminal history. Indeed, the Presentence Investigation Report confirms that Defendant's total criminal history score is zero. (ECF No. 93 at 15). Defendant's lack of criminal history, combined with his good behavior while in custody, weighs in favor of sentence reduction.

Turning to deterrence, Defendant argues that specific deterrence is afforded because data from the U.S. Sentencing Commission shows that § 4C1.1 defendants without any criminal history have a "demonstrably lower risk of recidivism."[1] (ECF No. 117 at 2). Further, the data shows that true "Zero Point Offenders," like Defendant, are less likely to be rearrested than those defendants with one criminal history point.[2] (*Id.*). The Government argues that sentence reduction is inappropriate because it would not afford specific and general deterrence. The Government suggests that Defendant's lack of remorse demonstrates the need for specific deterrence, and that general deterrence is important "[b]ecause economic and fraud-based crimes

---

[1] U.S. Sentencing Comm'n, *The Past Predicts the Future: Criminal History and Recidivism of Federal Offenders* (May 9, 2017), www.ussc.gov/sites/default/files/pdf/research-and-publication.
[2] U.S. Sentencing Comm'n, *Recidivism of Federal Offenders Released in 2010* at 26 (September 2021), https://www.ussc.gov/research/research-reports/recidivism-federaloffenders-released-2010.

are more rational, cool, and calculated than sudden crimes of passion or opportunity," and are, therefore, "prime candidates for general deterrence." *United States v. Peppel*, 707 F.3d 627, 637 (6th Cir. 2013). (ECF No. 116 at 4). Considering the reduced likelihood that Defendant would recidivate based on his § 4C1.1 status, this Court finds that a sentence reduction would not obviate specific deterrence. As for general deterrence, this Court shares the Sixth Circuit's view that fraud-based crimes are prime candidates for general deterrence. Considering § 4C1.1, however, any future would-be fraudster with zero criminal history points would be subject to the same guideline range to which Defendant is now subject. Because a sentence reduction here would align Defendant's sentence with those in future cases, general deterrence is not jeopardized by reducing Defendant's sentence in this case. This factor weighs in favor of sentence reduction.

Finally, in considering the sentencing range established by the guidelines, the calculated guideline range at the time of sentencing for Defendant was 63 to 78 months. This Court imposed a sentence of 60 months, below the guidelines at the time of sentencing. The Government argues that reduction is unwarranted because Defendant already received a below-guidelines sentence. (ECF No. 116 at 4). District courts, however, have the option to sentence a defendant outside of the calculated guideline range. *United States v. Booker*, 543 U.S. 220, 267 (2005). Indeed, at the time of sentencing Defendant, this Court considered the § 3553(a) factors and Defendant's history was taken into great account before his sentence was rendered. A sentence that is given in consideration of the § 3553(a) factors, as this sentence was, is considered a "variance" or a "non-Guideline departure." *United States v. Cousins*, 469 F.3d 572, 577 (6th Cir. 2006). Accordingly, this Court's sentence did not depart from the guidelines under *Cousins*. Factoring in § 4C1.1, as the parties have agreed is applicable here, reduces Defendant's

guideline range to 51 to 63 months, placing the current sentence of 60 months at the upper end of the range. Under both *Booker* and *Cousins*, respectively, this Court observed the applicable sentencing range in rendering Defendant's initial sentence and this Court's below-minimum sentence is not a departure from the guidelines. Because this Court has considered the sentencing range established by the guidelines, this factor weighs in favor of sentence reduction.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion to Retroactively Apply USSG § 4C1.1 (ECF No. 113) is **GRANTED**. As a final matter, Defendant reasons that, because the Court's imposed sentence of 60 months was 95.2% of the original guideline range minimum of 63 months, this Court should grant a reduction to a sentence that is 95.2% of the new guideline range minimum under § 4C1.1, which is 51 to 63 months. (ECF No. 113 at 4). This Court rejects this mechanical approach, and Defendant's sentence is hereby **REDUCED** from sixty (60) months to forty-eight (48) months.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED: May 7, 2024**